## SECURITIES AND EXCHANGE COMMISSION

v.

**William E. NASHWINTER, Jr.**

**Civ. A. No. 83–0064–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 2, 1983.

John L. Hunter, L. Hilton Foster, Robert H. Singletary, Jr., S.E.C., Arlington, Va., Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., for plaintiff.

William E. Nashwinter, Jr., pro se.

OPINION

WARRINER, District Judge.

On 2 February the Securities and Exchange Commission filed a complaint and a consent of defendant to the entry of final judgment of permanent injunction. Plaintiff also tendered a sketch for a final judgment of permanent injunction.

Under 15 U.S.C. § 78u(d) the district court shall grant an injunction "upon a proper showing" by the Commission. This "proper showing" is required in a contested case. *SEC v. American Realty Trust,* 429 F.Supp. 1148 (E.D.Va.), *rev'd on other grounds,* 586 F.2d 1001 (4th Cir.1977). Although defendant's consent has been held to waive any error by the Court in finding grounds to warrant an injunction, *Swift & Co. v. United States,* 276 U.S. 311, 327, 48 S.Ct. 311, 315, 72 L.Ed. 587 (1928), the Court construes § 78u(d) to require a "proper

**34**

showing" in an uncontested case as well. At the least this requires some verification that a violation has occurred and that a "reasonable likelihood exists that the [wrong] will be repeated." *SEC v. American Realty Trust,* 429 F.Supp. at 1175.

Accordingly, plaintiff is GRANTED 20 days from the date of this order within which to show by affidavit, or otherwise, facts proving a violation by defendant of the securities laws and supporting the "reasonable likelihood" of future violations.

And it is so ORDERED.